JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Lamarcus Idom, appeals the judgment of the Cuyahoga County Common Pleas Court, Juvenile Division, which found him delinquent and placed him in the custody of the Ohio Department of Youth Services. For the reasons stated below, we modify the trial court's adjudication finding appellant delinquent by reason of committing aggravated robbery to delinquent by reason of committing robbery and remand for redisposition.
 {¶ 2} The record reflects that on November 9, 2000, a delinquency complaint was filed in the Juvenile Court Division of the Cuyahoga County Common Pleas Court, charging appellant with one count of aggravated robbery, in violation of R.C. 2911.01(A)(1), and one count of felonious assault, in violation of R.C. 2903.11(A)(2). An adjudicatory hearing commenced on March 8, 2001.
 {¶ 3} Two witnesses testified for the State. Wilfredo Cancel testified that as he was urinating outside of a McDonald's restaurant in the area of West 33rd and Denison in Cleveland at approximately 4:00 a.m. on July 15, 2000, a car pulled up behind him. According to Cancel, appellant and another male exited the vehicle and approached him. Appellant then hit Cancel on the shoulder with what Cancel described as "a stick, like a two-by-four thing." Cancel ran, but then fell. According to Cancel, appellant and the other male took turns hitting him on his shoulders, back and legs with the stick after he fell. Cancel testified that appellant then took his gold chain necklace and the other male took $200 from him.
 {¶ 4} According to Cancel, the two men then got back into their car and left the scene. As Cancel staggered back to McDonald's, the car containing his assailants pulled up next to him again and stopped, but then quickly sped off when Cancel pretended that he saw police at McDonald's and started yelling, "Officer, officer." Cancel then saw a police cruiser start following the car.
 {¶ 5} Shortly thereafter, emergency personnel appeared on the scene and transported Cancel to the hospital. While waiting in the emergency room for treatment, Cancel spoke to City of Cleveland Police Officer Kevin Fairchild and his partner regarding the incident.
 {¶ 6} Officer Fairchild testified that on July 15, 2000, at approximately 5:00 a.m., he and his partner received a radio dispatch regarding four men who had exited a gray car and begun beating a victim in the vicinity of 33rd and Denison. Fairchild described the area as a "high drug activity area."
 {¶ 7} According to Fairchild, when he and his partner arrived in the area, the male who had reported the beating to the police flagged them down and pointed out the car containing the assailants. Fairchild and his partner followed and then stopped the car. According to Fairchild, as he and his partner were talking to the four occupants of the car, he observed a wooden paddle on the backseat, next to appellant.
 {¶ 8} Fairchild testified that upon questioning, appellant stated that Cancel had stopped the car he and his friends were riding in and asked the occupants if they were "holding," or, in other words, whether they had any drugs for sale. Appellant told Fairchild that he did not like drug dealers or drug users, so he hit Cancel. Appellant also told Fairchild that Cancel "started running, he tripped, and he [appellant] hit him again, and [then] they got in the car and left."
 {¶ 9} The officers subsequently conducted an inventory search of the vehicle and found thirteen rocks of crack cocaine under the front passenger seat.
 {¶ 10} Fairchild testified that when he and his partner interviewed Cancel shortly thereafter at the hospital, Cancel reported that the occupants of the car had asked him for money, and when he told them he did not have any, several males got out of the car and beat him on his back and legs with a paddle. Fairchild testified that Cancel had multiple bruises on his back, legs and face.
 {¶ 11} Fairchild testified further that Cancel reported that one of the men had taken $200 from his pocket. Fairchild also testified that Cancel gave the officers the license plate number of the car that his assailants had been riding in and the number matched the license plate number of the car that Fairchild and his partner had stopped earlier that morning. Fairchild also examined a drawing of the paddle used in the beating and testified that it was an accurate likeness of the paddle recovered from the car. Finally, Fairchild testified that Cancel's beating was most likely the result of a drug deal gone awry.
 {¶ 12} The trial court adjudicated appellant delinquent on both counts and committed him to the care and custody of the Ohio Department of Youth Services for a minimum of one year, with a maximum period not to exceed his twenty-first birthday.
 {¶ 13} Appellant timely appealed, raising two assignments of error for our review.
 {¶ 14} In his first assignment of error, appellant challenges the sufficiency of the evidence supporting the trial court's finding that he committed the offense of aggravated robbery. In his second assignment of error, appellant contends that the trial court's finding that he committed aggravated robbery was against the manifest weight of the evidence.
 {¶ 15} A challenge to the sufficiency of the evidence supporting a conviction requires a court to determine whether the State has met its burden of production at trial. State v. Thompkins (1997),78 Ohio St.3d 380, 390. On review for sufficiency, courts are to assess not whether the State's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction. Id. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 16} A manifest weight of the evidence argument involves determining whether there exists a greater amount of credible evidence offered in a trial to support one side of the issue rather than the other. State v. Thompkins (1997), 78 Ohio St.3d 380, 387. Weight is not a matter of mathematics, but depends on its effect in inducing belief. Id.
 {¶ 17} When reviewing a claim that the judgment in a criminal case is against the manifest weight of the evidence, this court reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Thompkins, supra, citing State v.Martin (1983), 20 Ohio App.3d 172, 175.
 {¶ 18} The trial court found appellant delinquent by reason of committing aggravated robbery. R.C. 2911.01(A)(1) defines the offense of aggravated robbery, in pertinent part:
 {¶ 19} (A) No person in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:
 {¶ 19} (1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it; * * *
 {¶ 20} Appellant contends that the State did not present sufficient evidence of the elements of aggravated robbery because it did not prove that appellant attempted or committed a theft offense. Appellant asserts that Cancel's testimony that he was robbed lacked credibility because neither the gold chain nor the money allegedly stolen from him was recovered by the police even though they stopped the car appellant and his friends were riding in only minutes after the incident.
 {¶ 21} Appellant's argument is without merit. As set forth above, the test regarding the sufficiency of evidence is not whether the testimony is to be believed, but whether, if believed, the evidence would support a conviction. Here, Cancel testified on direct examination that appellant and an accomplice took jewelry and money from him:
 {¶ 22} Q. What kind of money did you have on you?
 {¶ 23} A. I had like two hundred ($200) on me.
 {¶ 24} Q. Now this gold necklace, do you know if it was taken from you by anybody?
 {¶ 25} A. Yes, this gentleman here.
 {¶ 26} Q. What about the money?
 {¶ 27} A. The money, this — the other guy took it.
Although the chain and money were never recovered, the victim's testimony, if believed, is sufficient to demonstrate that appellant committed a theft offense.
 {¶ 28} Appellant correctly asserts, however, that the State did not present sufficient evidence that the paddle was a "deadly weapon." R.C. 2923.11 defines a "deadly weapon" as "any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon."
 {¶ 29} Paddles, like knives, are not presumed to be deadly weapons in and of themselves under the statute. State v. Cathel (1998),127 Ohio App.3d 408, 411. Accordingly, pursuant to the statute, the State was required to prove that the paddle was: 1) capable of inflicting death; and 2) designed or adapted as a weapon, or used as a weapon.
 {¶ 30} Although there was evidence that appellant used the paddle to hit the victim, the State presented no evidence that the paddle in question was capable of inflicting death. Cancel testified that appellant hit him on his shoulders, back and legs but did not testify that appellant hit him on his head or face. Moreover, the State presented no evidence that the paddle in this case — described by Fairchild as "the old paddle that the school teachers used to have" — was uniquely or specially designed to cause death. Accordingly, we find the evidence adduced at trial insufficient to establish that the paddle, as used here, was capable of inflicting death. Accordingly, the State did not present sufficient evidence to support the trial court's finding that appellant committed the offense of aggravated robbery.
 {¶ 31} The State presented sufficient evidence at trial, however, to support a finding that appellant committed robbery. R.C. 2911.02
provides, in pertinent part:
 {¶ 32} No person, in attempting or committing a theft offense * * * shall do any of the following:
 {¶ 33} (2) Inflict, attempt to inflict, or threaten to inflict physical harm on another.
 {¶ 34} (3) Use or threaten the immediate use of force against another.
 {¶ 35} Cancel's testimony alone is sufficient evidence to demonstrate that appellant used force and inflicted physical harm on him while he was robbing him.
 {¶ 36} Accordingly, appellant's adjudication of delinquent by reason of committing aggravated robbery is modified to delinquent by reason of committing robbery and the matter is remanded to the trial court for redisposition in accordance with this opinion.
This cause is modified and remanded for further proceedings consistent with the opinion herein.
It is, therefore, ordered that appellant recover from appellee costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J. and DIANE KARPINSKI, J. CONCUR.